CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LACHRISTOPHER MAYS,     )
     Plaintiff,     )     Civil Action No. 7:24-cv-00814
     )
v.     )
     )     By: Elizabeth K. Dillon
VIRGINIA DEPARTMENT OF     )     Chief United States District Judge
CORRECTIONS, *et al.*,     )
     Defendants.     )

**MEMORANDUM OPINION AND ORDER**

LaChristopher Mays, acting *pro se*, brought this action alleging deliberate indifference to his serious medical needs pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No. 1.) Mays sued the Virginia Department of Corrections (VDOC) and three medical defendants—Dr. H. Smith, Dr. B. Mullins, and Nurse Practitioner T. Townsend. The VDOC moves to dismiss the claims against it because it is immune from suit. (Dkt. No. 17.) This motion will be granted. Also before the court is a motion for a transfer of facilities, construed by the court as a motion for a preliminary injunction, filed by Mays. (Dkt. No. 25.) This motion will be denied.

**I. Motion to Dismiss**

The court will grant the motion to dismiss on all claims against VDOC because it is immune from suit under the Eleventh Amendment. As an arm of the State, VDOC is immune from suit against claims pursuant to § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–71 (1989) (holding states and state agencies are immune from § 1983 suits in federal court); *Johnson v. McCowan*, 549 F. Supp. 3d 469, 475 (W.D. Va. 2021) (finding that VDOC is immune from suit under the Eleventh Amendment). Mays alleges that VDOC should be liable as a municipality for policies and practices that led to inadequate medical care (Compl. ¶3), but VDOC is an arm of the state, not a municipality. *Clark v. Md. Dep't of Pub. Safety & Corr.*

*Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009) ("Municipalities are 'persons' amenable to suit under § 1983, but state departments and agencies considered to be 'arms of the state' are not.").

## II. Motion for Preliminary Injunction

Mays also asks for a transfer of facilities, which the court construes as a motion for preliminary injunction. A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances. *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Mays asks for a temporary transfer to another prison so he can receive proper medical care. (Dkt. No. 25.) Mays also complains that his facility, Wallens Ridge, is in lockdown, and he has been unable to access the law library. Mays, however, has not made a showing that he is likely to succeed on the merits of his claims. Mays has also failed to meet the "heavy burden to justify court interference in matter of prison administration." *Holloman v. White*, Case No. 7:24-cv-00188, 2025 WL 2659736, at *3 (W.D. Va. Sept. 17, 2025).

Thus, the court will deny plaintiff's motion for preliminary injunctive relief.

## III. Conclusion and Order

For the reasons stated in this opinion, VDOC's motion to dismiss (Dkt. No. 17) is GRANTED, and VDOC is TERMINATED as a defendant in this matter.

It is FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Dkt. No. 25) is DENIED.

The Clerk shall transmit a copy of this order to plaintiff and to all counsel of record.

Entered: March 30, 2026.

/s/ Elizabeth K. Dillon

Elizabeth K. Dillon
Chief United States District Judge